# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-2215V

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                       *
ROMEO ALLAS,                           *       Chief Special Master Corcoran
                                       *
               Petitioner,             *       Filed:  September 23, 2025
                                       *
       v.                              *
                                       *
SECRETARY OF HEALTH                    *
AND HUMAN SERVICES,                    *
                                       *
               Respondent.             *
                                       *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Jeffrey S. Pop*, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner.

*Rachelle Bishop*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On November 24, 2021, Romeo Allas filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged his receipt of an influenza vaccine on September 6, 2020, caused him to suffer Guillain-Barré syndrome. Petition (ECF No. 1) at 1. An entitlement hearing in the matter was held in Washington, D.C. on April 24, 2024, and I thereafter ruled in Petitioner's favor. The parties subsequently endeavored to resolve damages but could not do so. Therefore, I directed the parties to brief the issue, and after a review of the relevant submissions, I issued a decision awarding damages for pain and suffering. *See* Damages Decision, dated Mar. 25, 2025 (ECF No. 56).

---

[1] "Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*"

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated Aug. 18, 2025 (ECF No. 61) ("Mot."). This is Petitioner's sole such request. Petitioner requests $99,184.51 in attorney's fees and costs ($75,179.50 in fees, plus $24,005.01 in costs) for the work of the office of attorney Jeffrey S. Pop through the case's existence. Mot. at 5–9. Respondent reacted to the fees request on August 20, 2025. *See* Response, dated Aug. 20, 2025 (ECF No. 62) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2, 5. Petitioner did not file a Reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$99,184.51**.

**I.      Calculation of Fees**

Because Petitioner's claim was successful, he is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorney and support staff, based on the years work was performed:

2

|  | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|
| **Jeffrey S. Pop (Attorney)** | $470.00 | $520.00 | $520.00 | $575.00 | $575.00 |
| **Kristina E. Grigorian (Attorney)** | $325.00 | $410.00 | $410.00 | $480.00 | $480.00 |
| **Alexandra B. Pop (Attorney)** | $295.00 | $385.00 | $385.00 | $460.00 | $460.00 |
| **Law Clerks** | $150.00 | $165.00 | $165.00 | $185.00 | $185.00 |

ECF No. 61-2 at 2.

The rates requested by Mr. Pop and his associates and staff are consistent with what has previously been awarded, in accordance with the Office of Special Masters' fee schedule. [3] *See Vazquez v. Sec'y of Health & Hum. Servs.*, No. 23-1217V, 2025 WL 1576528 (Fed. Cl. Spec. Mstr. May 2, 2025); *Lent v. Sec'y of Health & Hum. Servs.*, No. 20-241V, 2025 WL 1588037 (Fed. Cl. May 9, 2025). I thus find no cause to reduce the rates requested in this instance. And I award all attorney time devoted to the matter as requested. I shall also award the requested paralegal time at the provided rates.

## II.   Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $24,005.01 in outstanding costs, including the filing fee, medical record retrieval costs, mailing costs, costs associated with remote technology services[4] for trial, and costs associated with a single expert, Steven Sykes, M.D. Mot. at 8–9; ECF No. 61-3 at 2; ECF No. 61-4 at 2. Dr. Sykes prepared two written reports and testified on behalf of Petitioner. He submitted an invoice reflecting a total of $16,975.00 (billing at an hourly rate of $550.00 for 34.5 hours of

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Sept. 23, 2025).

[4] A party's use of remote technology services for purposes of trial participation should generally be conducted under the auspices of the Court—not arranged unilaterally, as was the case here. But the associated costs seem reasonable, and therefore, will be awarded in full. In the future, counsel is encouraged to first inquire with the Court about utilizing such services, and/or determining if remote space at a suitable court facility is available.

3

work, and after receiving a retainer fee of $2,000.00). ECF No. 61-4 at 2. This rate is acceptable, and I deem the work performed on the case to have been reasonable in amount. I will therefore grant this category of costs in its entirety. All other litigation-related costs are typical in Program cases, were reasonably incurred in this matter, and are thus eligible for reimbursement.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Final Attorney's Fees and Costs. I award a total of **$99,184.51**, reflecting $75,179.50 in fees and $24,005.01 in costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[5]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.